IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BARBOZA,

    Plaintiff,                              CIV. NO. S-08-2569 FCD GGH

    vs.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS, et al.,

    Defendants.                      <u>SUMMARY ORDER</u>
_____/

        Previously pending on this court's law and motion calendar for January 7, 2010, was plaintiff's motion to compel production of documents and to challenge defendants' designation of protected confidential information. Geoffrey White appeared for plaintiff. Zachary Wadle appeared for defendants. After reviewing the parties' joint statement and hearing oral argument, the court now issues the following summary order.

I. <u>Level of Confidentiality for Actuarial Reports and Payment Ledgers</u>

        Defendants produced three actuarial reports which were designated as "Highly Confidential - Attorneys Eyes Only," under a stipulated protective order. Plaintiff objected and sought production to plaintiff himself as he has signed the non-disclosure agreement. Plaintiff claimed that the current designation precludes use of the reports in conducting a deposition of anyone other than the author of the report, and prevented plaintiff from disclosing the reports to

plaintiff's own consulting actuary unless plaintiff obtains prior court approval of the expert.

At hearing, defense counsel did not object to plaintiff's counsel using these reports during depositions of the Board of Directors. Plaintiff's counsel will also be permitted to show the reports to his actuarial consultant/expert if the consultant/expert signs the non-disclosure agreement. Plaintiff himself may not view the reports, but his counsel may discuss the reports with him.

II. Requests for Production of Documents

The second dispute concerned defendants' alleged incomplete production of documents. At hearing the court found, in regard to the two sets of document requests at issue in this discovery dispute, all privileges other than attorney-client privilege were waived. Defense counsel, nevertheless, represented that there are no other responsive documents which have not been produced but indicated that he would again confirm such. Defendants shall file a statement by January 19, 2010, indicating that they have confirmed that no outstanding documents exist.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel discovery, filed December 3, 2009, was granted in part and denied in part.

2. Plaintiff's counsel is permitted to use the actuarial reports and payment ledgers: in depositions of members of the Board of Directors, to discuss with his client as provided herein, and to consult with his actuary provided the actuary consultant/expert signs a non-disclosure agreement.

3. On or before January 19, 2010, defendants shall file a confirmation statement that they have conducted a good faith search for all responsive documents and all such documents have been produced.

DATED: 01/11/2010                           /s/ Gregory G. Hollows

GGH:076:Barboza2569.dsy.wpd                 U. S. MAGISTRATE JUDGE