UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID BARBOZA,

        Plaintiff,

  v.

CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS LONGTERM DISABILITY PLAN; CALIFORNIA ADMINISTRATION INSURANCE SERVICES, INC., a California corporation; and KENNETH BLANTON, DENNIS CAMPANALE, GENE DANGEL, JAMES FLOYD, CHARLES GLUCK, BRIAN PINOMAKI, and WILLIAM SOQUI, individually and as Plan Directors,

        Defendants.

NO. CIV. S-08-02569 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on (1) defendants California Association of Professional Firefighters ("CAPF"), California Administration Insurance Services, Inc. ("CAISI"), Kenneth

1

Blanton, Dennis Campanale, Gene Dangel, Brian Pinomaki, Charles Gluck, William Soqui, and James Floyd's (collectively, "defendants") motion to alter or amend the judgment, pursuant to Federal Rules of Civil Procedure 59(e) and 60; (2) plaintiff David Barboza's ("plaintiff") motion for attorneys' fees; (3) defendants' motion for attorneys' fees; (4) defendants' bill of costs; and (5) plaintiff's bill of costs. Based upon the submissions of the parties and for the reasons set forth below, (1) defendants' motion to alter or amend the judgment is DENIED; (2) plaintiff's motion for attorney fees is DENIED; (3) defendants' motion for attorney fees is DENIED; (4) defendants' bill of costs is DENIED; and (5) plaintiff's bill of costs is DENIED.

## BACKGROUND[1]

Defendant CAPF is a non-profit mutual benefit corporation that sponsors the California Association of Professional Firefighters Long-Term Disability Plan (the "Plan"). (Order at 2-3.) Defendant CAISI administers the Plan and is responsible for making determinations regarding participants' disability and benefits. (Id.) Individual Defendants Kenneth Blanton, Dennis Campanale, Gene Dangel, and Brian Pinomaki are Directors and Executive Board members of CAPF and are "fiduciaries" within the meaning of 29 U.S.C. §§ 1002(14) and (21). (Id.) The Plan is an ERISA welfare benefit plan that receives its funding exclusively from Plan participants, as opposed to employers, and pays all

---

[1] The facts of this case are set forth in full in the court's Memorandum and Order, filed January 25, 2011. (Mem. & Order ("Order") [Docket # 96], filed Jan. 25, 2011, at 1-6.)

2

benefits solely from Plan assets. (<u>Id.</u> at 3.) Plaintiff was a participant in the Plan. (<u>Id.</u> at 5.)

Plaintiff brought suit against defendants, the Plan, the Plan Administrator (CAISI), and the individual board members of CAPF and CAISI, alleging numerous breaches of fiduciary duties under Part 4 of Title I of ERISA. (<u>Id.</u>) Plaintiff alleged that defendants breached their fiduciary duties by: (1) failing to distribute a Summary Annual Report ("SAR") to Plan participants; (2) unlawfully refusing to file Form 990 with the IRS; (3) unlawfully failing to hold Plan assets in trust; (4) engaging in unlawful self-dealing and prohibited transactions by coming to an agreement that allows CAISI to use fees and expenses; (5) engaging in prohibited transactions by renewing the administrative services agreement between CAPF and CAISI, including authorizing an administrative services fee increase, agreeing to an unreasonably lengthy term, and including an indemnity clause; and (6) failing to obtain actuarial review as required by Plan bylaws.[2] (<u>Id.</u> at 5-6.)

In July 2010, plaintiff and defendants filed cross-motions for summary judgment.[3] (<u>See</u> Pl.'s Mot. for Summ. J., filed Jul. 20, 2010 [Docket #41]; Defs.' Mot. For Summ. J., filed Jul. 30,

---

[2] Plaintiff's complaint alleged several other breaches of fiduciary duties, including causing Plan investments to incur substantial losses by imprudently delegating investment authority and paying unlawful kick-backs to CAPF directors. In his opposition to defendants' motion for summary judgment, plaintiff conceded that he no longer pursued those claims.

[3] The parties also filed cross-motions forسanctions pursuant to Federal Rule of Civil Proceduer 11, both of which the court denied. (<u>See</u> Defs.' Mot. for Sanctions, filed Sep. 10, 2010 [Docket #61.]; Pl.'s Opp'n to Mot. for Sanctions, filed Sept. 21, 2010 [Docket #84].)

3

2010 [Docket #47].)  The court granted plaintiff summary judgment on his claim for failure to distribute a SAR and failure to obtain actuarial review.  (Order at 31.)  In reaching the merits of the claim, the court relied, *inter alia*, on various opinions published by the Department of Labor ("DOL opinions") in concluding that the CAPF Plan was not unfunded, and thus, not exempt from issuing a SAR pursuant to 29 C.F.R. 2520.104b-10(g)(1).  (<u>Id.</u> at 11-13.)  As a result, the court ordered defendants "to distribute SARs from 2002 to date to all participants in accordance with 29 C.F.R. 2520.104b-10 and to obtain actuarial studies for each year that the Plan has not undergone actuarial review."  (<u>Id.</u> at 32.)  The court granted defendants summary judgment on the remainder of plaintiff's claims.  (<u>See</u> <u>id.</u>)

After the court issued its order, both parties filed motions for attorney fees and filed bills of costs.  (<u>See</u> Pl.s' Mot. for Atty's Fees, filed Feb. 22, 2011 [Docket #103]; Defs.' Mot. For Atty's Fees, filed Feb. 22, 2011 [Docket #102]; Pl.'s Bill of Costs, filed Feb. 8, 2011 [Docket #98]; Defs.' Bill of Costs, filed Feb. 8, 2011 [Docket #99].)

**ANALYSIS**

**A.    Motion to Alter or Amend/Relief from Judgment**

Defendants contend that the court should grant its motion to amend or alter the judgment on three separate grounds.  First, defendants argue that the court's use of the DOL opinions to conclude that the Plan is not unfunded and thus, not exempted from the SAR requirement, unjustifiably "surprised" defendants.  Second, defendants assert that the DOL opinions apply only to

4

employer plans, not employee organizations plans such as CAPF, and thus, it was error for the court to rely upon them as persuasive authority. Finally, defendants contend that requiring them to issue reports for previous years undermines the purpose of ERISA.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to amend or alter a trial court's order. Under the standard imposed by the Ninth Circuit, "the rule offers an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000) (quoting 6 James Wm. Moore et al., Moore's Federal Practice § 54.78[1] (3d ed. 2000)). Indeed, a district court should refrain from granting a motion for reconsideration absent highly unusual circumstances falling into one of three specific categories: (1) the moving party presents newly discovered evidence; (2) the district court committed clear error; or (3) there is an intervening change in the controlling law. 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added). Alternatively, Federal Rule of Civil Procedure 60(b) permits a party to file for relief from judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect."

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) . . . or Rule 60(b)." School Dist. No. 1J Multnomah County, Oregon v. ACands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, 114 S.Ct. 2742, 129 L. Ed. 2d 861 (1994). Under both Rule 59(e) and Rule 60(b), the district court has

5

considerable discretion in granting or denying a motion for reconsideration.  Id.

### 1. Reliance on DOL Opinion Letters

Defendants contend that relief from the judgment is warranted pursuant to Federal Rule of Civil Procedure 60(b) because the order "granting summary judgment . . . relies upon authorities that had not been discussed by Plaintiff or Defendants."  (Defs.' Mot. to Alter or Amend Judgment ["MTAA"], filed Feb. 22, 2011 [Docket #107], at 5:17–19.)  However, defendants' contention is factually inaccurate.

In his opposition to defendant's motion for summary judgment, plaintiff specifically cited to DOL Opinion 92-24, DOL Technical Release 92-01 and the instructions to IRS form 5500 — all of which the court relied on in concluding that the Plan was not an unfunded benefit plan exempt from filing SARs.  (See Pl.'s Opp'n to Mot. for Summ. J. at 3:5–4:8, 8:22–26.)  Plaintiff expressly relied on these authorities in support of his argument that "participant contributions funded the plan," an issue the court was required to resolve in determining whether the Plan was exempt from distributing a SAR.  (Id.)

Accordingly, defendants' assertion that they were "unjustifiably surprised" by the courts reference to these authorities is without merit.

### 2. Interpretation of DOL Authorities

Defendants also assert that the DOL opinions are unpersuasive because they pertain only to employers, not employee organizations like CAPF.  (Id. at 6:2–26.)  Therefore, defendants argue that it was "clear error" for the court to rely on these

6

1 authorities in determining that CAPF was not exempt from
2 distributing a SAR.
3      Contrary to defendants' contention, none of the authorities
4 the court relies on pertain only to "employer" plans and not to
5 "employee organization" plans.  Indeed, DOL opinion 92-24A
6 explicitly states:

> As explained in the instructions to the Form 5500 series, <u>a plan</u> seeking to rely on this first prong of the [SAR] exemption cannot pay benefits from participant contributions . . . from a trust . . . that holds plan assets.  In other words the application of this prong of the exemption to a given plan turns, as a threshold matter, on whether any of the amounts used to pay benefits constitute plan assets.

12 (<u>Id.</u>) (emphasis added).  Neither DOL opinion 92-24A nor the other
13 authorities relied upon distinguish between *employer* funds and
14 *employee organization* funds for purposes of determining whether a
15 plan is exempt from distributing a SAR.  Nor do defendants offer
16 any meaningful argument, let alone legal authority, that would
17 justify such a distinction.  Defendants' mere disagreement with
18 the court's interpretation is not grounds to reconsider the
19 order.  <u>See</u> <u>Blacklund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir.
20 1985); <u>Reliance Ins. Co. v. Doctors Co.</u>, 299 F. Supp. 2d 1131,
21 1154 (D. Haw. 2003) (recognizing that "[r]eiteration of arguments
22 originally made in support of, or in opposition to, a motion . .
23 . do not provide a valid basis for reconsideration").
24      Therefore, the court cannot conclude that it committed clear
25 error in its application and interpretation of these authorities.
26      **3.   <u>Injunctive Relief</u>**
27      Finally, defendants contend that the court clearly erred in
28 requiring them to prepare and distribute SARs and actuarial

7

1  studies for previous years.  Specifically, they argue that
2  requiring defendants to prepare the reports would "undermine
3  (instead of advance) the [ERISA] goals of encouraging benefit
4  plans by simplifying administration and assuring that a plan
5  retains sufficient funds to meet its obligation."  (MTAA at
6  10:18-21.)

7      "Congress's purpose in enacting the ERISA disclosure
8  provisions [was to] ensure that the 'individual participant knows
9  exactly where he stands with respect to the plan.'"  <u>Firestone</u>
10 <u>Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 118 (1989) (quoting
11 H.R. Rep. No. 93-533, 93rd. Cong., 1st Sess. 11 (1973)).
12 Injunctive relief is the appropriate remedy for enforcing these
13 requirements.  <u>Shaver v. Operating Eng'r Local 428 Pension Trust</u>
14 <u>Fund</u>, 332 F.3d 1198, 1203 (9th Cir. 2003); <u>Horvan v. Keystone</u>
15 <u>Health Plan East, Inc.</u>, 333 F.3d 450, 456 (3d Cir. 2003); <u>Gillis</u>
16 <u>v. Hoechst Celanese Corp.</u>, 4 F.3d 1147, 1148 (3rd Cir. 1993).

17     Defendants have failed to establish that the court committed
18 clear error in ordering injunctive relief in this case.
19 Plaintiff established, by undisputed evidence, that defendants
20 unlawfully failed to distribute SARs and breached their fiduciary
21 duties by failing to comply with the Plan's annual actuarial
22 review requirement.  (<u>See</u> Order at 13-14, 28.)  Even though
23 plaintiff failed to demonstrate damages as a result of defendants
24 wrongful conduct, loss causation is not required for the court to
25 issue the injunctive relief given in this action for breach of
26 fiduciary duty.  See <u>Shaver</u>, 332 F.3d t 1203.  This is
27 particularly true where the failure to distribute financial
28 disclosure documents or prepare reports relating to the proper

funding of the Plan are the breaches at issue. Based upon the circumstances in this case, plaintiff is entitled to disclosures that would let him know "exactly where he stands" as well as where he stood with the Plan at all relevant times. See Firestone Tire & Rubber Co., 489 U.S. at 118. Defendants' argument as to injunctive relief is unpersuasive.

Accordingly, defendants' motion to alter or amend the judgment is DENIED.

**B.  Motions for Attorney Fees**

Both plaintiff and defendants filed motions for attorney fees under 29 U.S.C. 1132(g)(1). Both parties respectively argue that they had sufficient success on the merits to justify an award of attorney fees.

Defendants specifically contend that they had some degree of success on the merits because "[t]hey prevailed on sixteen of the most serious claims asserted against them, and saw summary judgment granted against them on only the three most insignificant claims." (Defs.' Mot. for Atty's Fees at 6:7-9.) Defendants further contend that an award of attorney fees in its favors is proper because: (1) plaintiff acted in bad faith, and thus, an award of fees would deter plaintiff, and other ERISA beneficiaries, from filing unmeritorious ERISA claims; (2) "[d]efendants seek to benefit all of the participants in the CAPF Plan by recovering sums for that plan;" and (3) the merits of defendants position is stronger because they prevailed on more claims than did plaintiff. (Id. at 7:5-6.)

Plaintiff argues that his victory on the SAR and actuarial review issues was central and substantial because one of

9

plaintiff's main goals in bringing suit was "to require [d]efendants to make full and accurate financial disclosures to Plan participants." (Pl.'s Mot. For Atty's Fees at 6:1-3.) Moreover, plaintiff contends that an award of attorney fees is appropriate because: (1) defendants are highly culpable based on their breach of fiduciary duty; (2) plaintiff lacks ability to pay; (2) attorney fees would deter the Plan administrators from breaching their fiduciary duties; (3) an award of attorney fees would benefit the Plan because plaintiff's suit "clarif[ied] significant legal issues involving the Plan's compliance with ERISA; and (4) plaintiff's position has more merit because the decision clarified the terms of the Plan. (Id. at 7:7-9:16.)

Claims for attorney fees in ERISA actions are determined by ERISA's statutory fee shifting scheme. "In any action under [ERISA] . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

The Supreme Court recently clarified the specific standard for awarding attorney fees under Section 1132(g)(1). Hardt v. Reliance Standard Life Insurance, 130 S. Ct 2149 (2010). In Hardt, the Court held that the plain language of the statute dictates that prevailing party status is not a prerequisite to receiving attorney fees; instead, "a court, in its discretion, may award fees . . . as long as the fee claimant has had some degree of success on the merits." Id. at 2152, 2156. The Court further explained that "[a] claimant does not satisfy the requirement by achieving '[t]rivial success on the merits' or a 'purely procedural victor[y], but does satisfy it if the court

10

can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" Hardt, 130 S.Ct. at 2158 (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n.9 (1983)). Fee shifting schemes of this nature vest district courts with broad discretion to determine whether attorney fees are appropriate. Id. at 2158.

If the court determines that the fee claimant has achieved some degree of success on the merits, it must then apply the five factors set forth by the Ninth Circuit to determine whether granting fees is appropriate. Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980); see Hardt, 130 S. Ct. at 2158 n.8 ("[O]nce a claimant has satisfied th[e] [some success] requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the court of appeals.") These factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

**1.   Some Degree of Success on the Merits**

In this case, both plaintiff and defendants achieved some degree of success on the merits.[4] Defendants had some degree of

---

[4] In his moving papers, plaintiff admits that "the positions of both parties have some merit." (Pl.'s Mot. For Atty's Fees at 9:4.)

11

success on the merits by virtue of their victory on the majority of plaintiff's claims, including plaintiff's central claims for damages and appointment of an independent trustee.  Similarly, plaintiff's victories on its contract claim, SAR claim and actuarial review claim were not merely trivial or procedural; rather, plaintiff succeeded in obtaining injunctive relief with respect to financial disclosure documentation and records spanning a number of years.[5]  Therefore the court finds that both plaintiff and defendants have made the requisite showing under Section 1132(g)(1) of "some degree of success on the merits." Hardt, 130 S.Ct. at 2152.

**2.   Hummel Factors**

However, despite achieving some degree of success on the merits, after consideration of the five Hummel factors, the court concludes, in its "broad discretion," that the award of attorney fees is not appropriate in this case.  As noted in its denial of both parties' Rule 11 motions, neither party has convinced the court that the other acted either in bad faith or in a culpable manner.[6]  Further, with respect to the merits of the parties' positions, the court cannot conclude that defendants acted in bad faith in failing to comply with certain financial disclosure obligations or reporting requirements.  Rather, the disposition of the cross-motions for summary judgment required complex,

---

[5] Indeed, had plaintiff's victory been "trivial" or "merely procedural," it is highly unlikely defendants would have filed a motion to alter or amend the judgment.

[6] The court notes that it is unlikely that plaintiff would be able to satisfy an award of fees.  The court has no evidence before it regarding defendants' ability to do so.

12

1  statutory interpretation without the aid of clear, precedential
2  authority on either side.  As such, an award of fees against
3  defendants would not serve a deterrent effect.  Moreover, as set
4  forth above, both plaintiff and defendants achieved some degree
5  of success that was tempered by the court's ruling that denied
6  summary judgment on several of their respective claims and
7  defenses.
8      Under these circumstances, the court does not find that an
9  award of attorneys' fees to either plaintiff or defendants is
10 appropriate.  Accordingly, both plaintiff and defendants' motions
11 for fees are DENIED.

## C. Plaintiff's and Defendants' Bill of Costs

13     Both plaintiff and defendants filed a bill of costs; both
14 parties also filed objections to the opposing parties' bill of
15 costs.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), the
16 party that prevails on the merits should be awarded costs.
17 However, the court has held that where the court grants "a portion
18 of each side's request for summary judgment . . . the [c]ourt will
19 not award costs to either side."  U.S. v. Curtis-Nevada Mines,
20 Inc., 415 F. Supp 1373, 1379 (E.D. Cal. 1976) rev'd on other
21 grounds 611 F.2d 1277 (9th Cir. 1980).  Because both parties
22 prevailed on a portion of their motions for summary judgment, the
23 court declines to award costs to either plaintiff or defendants.
24     IT IS SO ORDERED.
25 DATED: April 6, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

13